**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **INTELLECTUAL VENTURES II LLC,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 7:25-cv-00252-ADA** |
| | § | |
| **SOUTHWEST AIRLINES CO.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |

---

**DEFENDANT SOUTHWEST AIRLINES CO.'S**
**MOTION TO TRANSFER VENUE**

---

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   FACTS ................................................................................................................ 1

    A.    Southwest Airlines is Headquartered in Dallas, Where Relevant Employees and Operations Are Located. ................................................................. 2

    B.    Relevant Documents and Data Are Stored in Cloud Environments or Facilities in and Around Dallas. ...................................................................... 3

    C.    Southwest Has No Relevant Presence in the Western District of Texas. ....................... 3

    D.    Plaintiff is a Delaware Company Based in Washington. ................................ 4

III.  LEGAL STANDARD ......................................................................................... 4

IV.   ARGUMENT ..................................................................................................... 5

    A.    This Case Could Have Been Filed in the Northern District of Texas. ........................... 5

    B.    The Private Interest Factors Favor Transfer. ................................................. 5

        1.    The Relative Ease of Access to Sources of Proof Strongly Favors Transfer .......... 5

        2.    The Availability of Compulsory Process for Witnesses Favors Transfer .............. 6

        3.    The Cost of Attendance for Willing Witnesses Strongly Favors Transfer. ............ 6

        4.    Other Practical Considerations Are Neutral. ........................................... 8

    C.    The Public Interest Factors Favor Transfer. ................................................. 8

        5.    Court Congestion Is Neutral. .......................................................... 8

        6.    The Local Interest Factor Strongly Favors Transfer to the Northern District of Texas. ........................................................................ 8

        7-8. Remaining Factors Are Neutral. ...................................................... 9

V.    CONCLUSION .................................................................................................. 9

# <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                                                                **Page(s)**

*Action Indus., Inc. v. U.S. Fid. & Guar. Co.*,
    358 F.3d 337 (5th Cir. 2004) ...................................................................................................4

*In re Adobe Inc.*,
    823 F. App'x 929 (Fed. Cir. 2020) ........................................................................................8

*In re Apple Inc.*,
    No. 2020-127, 2020 WL 3249953 (Fed. Cir. June 16, 2020) ...................................................6

*Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*,
    No. 6:15-cv-00091, 2016 WL 6909479 (W.D. Tex. Jan. 28, 2016) .........................................6

*Fintiv Inc. v. Apple Inc.*,
    No. 6:18-cv-00372, 2019 WL 4743678 (W.D. Tex. Sept. 10, 2019) .......................................5

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009)...........................................................................................5, 6

*Gesture Tech. Partners, LLC v. Apple Inc.*,
    No. 6:21-cv-00121, 2022 WL 3592451 (W.D. Tex. Aug. 22, 2022) .......................................9

*In re Google LLC*,
    58 F.4th 1379 (Fed. Cir. 2023) ...........................................................................................1, 8

*In re Google LLC*,
    No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) ..................................................5

*In re HP Inc.*,
    826 F. App'x 899 (Fed. Cir. 2020) ........................................................................................6

*Intellectual Ventures I LLC v. Southwest Airlines Co.*,
    7:24-cv-00277-ADA (W.D. Tex. Nov. 2, 2024)....................................................1, 2, 3, 6, 8

*Lionra Tech. Ltd. v. Apple Inc.*,
    No. 22-cv-351 (W.D. Tex. May 9, 2023) ...............................................................................6

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009)...............................................................................................7

*In re Planned Parenthood Fed. of Am., Inc.*,
    52 F.4th 625 (5th Cir. 2022) ...................................................................................................4

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    581 U.S. 258 (2017)................................................................................................................5

*In re Volkswagen AG*,
   371 F.3d 201 (5th Cir. 2004) .................................................................................4

*In re Volkswagen of Am., Inc.*,
   545 F.3d 304 (5th Cir. 2008) ........................................................................ *passim*

*Word to Info, Inc. v. Facebook, Inc.*,
   No. 14-CV-04387, 2015 WL 13870507 (N.D. Tex. Jul. 23, 2015).........................8

**Statutes**

28 U.S.C. § 1404(a) ....................................................................................................4

Defendant Southwest Airlines Co. ("Southwest") requests transfer of this action (along with another closely-related case—7:24-cv-00277-ADA) to the United States District Court for the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1404(a). The Northern District of Texas is clearly the more convenient forum. Southwest is headquartered in Dallas, where relevant witnesses, documents, and sources of proof are located. The Western District of Texas, Midland/Odessa Division, has no meaningful connection to this case.

## I.  INTRODUCTION

This is a patent infringement action brought by Intellectual Ventures II LLC ("Intellectual Ventures" or "IV"), a Delaware company headquartered in Bellevue, Washington, against Southwest, a Texas corporation headquartered in Dallas, Texas. Transfer is warranted because "[t]he center of gravity of this action, focusing on the *Volkswagen* factors and the overriding convenience inquiry," is Dallas, not Midland/Odessa. *In re Google LLC*, 58 F.4th 1379, 1385 (Fed. Cir. 2023).

After a diligent investigation, all relevant witnesses and sources of proof are in Dallas. Southwest has not identified any likely witnesses or sources of proof located in the Western District of Texas. Intellectual Ventures' Complaint likewise has not identified any meaningful connection to the Western District of Texas. Under Fifth Circuit law, every private and public interest factor favors transfer or is neutral, and no factor supports keeping this case in Midland/Odessa. Accordingly, transfer is warranted.

## II.  FACTS

Intellectual Ventures filed this patent infringement lawsuit on May 30, 2025, accusing Southwest of infringing U.S. Patent Nos. 7,822,841 (the "'841 Patent"). IV sued Southwest in a related case currently pending in the Western District of Texas. *See Intellectual Ventures I LLC v. Southwest Airlines Co.*, 7:24-cv-00277-ADA (W.D. Tex. Nov. 2, 2024) (the "Related Action").

The Related Action asserts infringement of U.S. Patent No. 8,352,584, which is related to the '841 Patent and asserted against the same open-source software application, Kubernetes. Southwest filed a motion to transfer in the Related Action on February 28, 2025, seeking transfer to the Northern District of Texas—Southwest's motion to transfer has been fully briefed. *See Intellectual Ventures I LLC v. Southwest Airlines Co.*, 7:24-cv-00277-ADA (W.D. Tex. Nov. 2, 2024) (Dkt#21, 41, 45). Exhibit A to this motion is a sworn declaration from Cecil "CJ" Woodley, an Enterprise Architect with over seventeen years of experience at Southwest (cited as "Woodley Decl.").

## A.    Southwest Airlines is Headquartered in Dallas, Where Relevant Employees and Operations Are Located.

Southwest is a Texas corporation headquartered in Dallas, where executive leadership, corporate decision-making, and business operations occur. Woodley Decl. ¶2. Southwest's technology, legal, finance, compliance, and engineering teams are based in Dallas, where Southwest oversees company-wide policies, software systems, IT infrastructure, and vendor relationships. *Id.*

Upon investigation, Southwest identified the likely potential witnesses ("Likely Witnesses") who know the who, what, when, where, and how concerning Southwest's use of Kubernetes and the identities of the licensed vendors supplying the accused programs. Woodley Decl. ¶3. The Likely Witnesses are all located in Dallas. *Id.* Southwest has not identified any employees in Midland/Odessa or elsewhere in the Western District of Texas who are likely to be witnesses in this matter. *Id.* ¶¶7, 10. In its Complaint, Intellectual Ventures identified various LinkedIn profiles of individuals supposedly familiar with Kubernetes. Dkt#1-2 at 2. Of those individuals, all but one listed their location in the Dallas area. *See id.* (LinkedIn profiles showing locations in McKinney, TX and Plano, TX); Woodley Decl. ¶4.

**B.    Relevant Documents and Data Are Stored in Cloud Environments or Facilities in and Around Dallas.**

Southwest's pertinent business and technical records are either stored in cloud environments managed by Amazon Web Services ("AWS") or housed in Southwest's on-premises technology facilities in the Dallas area. *Id.* ¶¶5–6. Southwest's only providers of Kubernetes are AWS's Elastic Kubernetes Service (EKS) and Red Hat OpenShift[1]; EKS is implemented via the AWS cloud environment, and the Red Hat OpenShift is used in Southwest's "on-premises" data centers in Dallas. *Id.* ¶5. Upon investigation, those are the only two use cases of Kubernetes at Southwest. *Id.* Upon information and belief, both those vendors/suppliers are licensed by IV. Moreover, Southwest's vendor relationships, including contracts and business dealings related to AWS, are managed in Dallas. *Id.* ¶¶3, 8. Dallas employees oversee software licensing, IT procurement, and cloud computing infrastructure. *Id.* Based upon a reasonable investigation, no witnesses, physical items, or records likely to be relevant to this case are located in Midland/Odessa or elsewhere in the Western District of Texas. *Id.* ¶¶3–10.

**C.    Southwest Has No Relevant Presence in the Western District of Texas.**

Southwest operates airport gate terminals in Midland, Austin, San Antonio, and El Paso with personnel and infrastructure to support travel needs and flight operations. *See* Declaration of Shaun Tune ¶¶9–13 in *Intellectual Ventures I LLC v. Southwest Airlines Co.*, 7:24-cv-00277-ADA, Dkt#21-A (W.D. Tex. Feb. 28, 2025). However, employees in those locations are ***not*** responsible for IT infrastructure, technology, corporate decisions, or other matters relevant to this case. *Id.* Their work relates to local airport operations, which are not relevant here. *Id.*

---

[1] Upon information and belief, AWS is headquartered in Seattle, Washington, and Red Hat is headquartered in Raleigh, North Carolina—neither vendor is located in the Western District of Texas.

**D.      Plaintiff is a Delaware Company Based in Washington.**

Intellectual Ventures II LLC is a Delaware limited liability company headquartered in Bellevue, Washington. Dkt#1 at ¶2. Intellectual Ventures does not allege that it has offices, employees, or operations in the Western District of Texas, nor does the Complaint identify any witnesses or sources of proof in this District.

## III.      LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a district court may transfer a civil action to another district where the case could have been filed if transfer is for "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Under § 1404(a), a party moving to transfer venue must first show that the claims "might have been brought" in the proposed transferee district. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312-13 (5th Cir. 2008) ("*Volkswagen II*"). If the destination venue is a proper venue, "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004) (internal citation omitted); *In re Planned Parenthood Fed. of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*").

The Fifth Circuit assesses transfer requests using well-established private and public interest factors: "'(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 314 (quoting *Volkswagen I*). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will

govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Id.*

## IV.    ARGUMENT

### A.    This Case Could Have Been Filed in the Northern District of Texas.

As a threshold matter, this case "might have been brought" in Dallas. Under 28 U.S.C. § 1400(b), venue is proper where a defendant "resides." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 262 (2017). Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391 and § 1400(b) because: Southwest is headquartered in Dallas; Dallas is the main hub for Southwest's business operations; and Dallas is where most relevant activities and decision-making occurs. Venue would have been proper in the Northern District of Texas.

### B.    The Private Interest Factors Favor Transfer.

#### 1.    The Relative Ease of Access to Sources of Proof Strongly Favors Transfer.

"In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored." *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 WL 4743678, at *2 (W.D. Tex. Sept. 10, 2019). "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Moreover, the Court should consider "the location of document custodians and location where documents are created and maintained, which may bear on the ease of retrieval." *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

Southwest's relevant technical and business records are either stored in cloud environments managed by AWS or housed at on-premises facilities around Dallas. Woodley Decl. ¶¶5–6. Southwest's only use of Kubernetes in recent years falls into two categories: (i) on-premises use

implemented via Red Hat OpenShift in the Southwest-managed data centers located around Dallas; and (ii) cloud-based use implemented via Amazon's Elastic Kubernetes Service (EKS). Woodley Decl. ¶5. Upon information and belief, IV's case is focused on the use of Kubernetes within Southwest's data centers located around Dallas. *See Intellectual Ventures I LLC v. Southwest Airlines Co.*, 7:24-cv-00277-ADA (W.D. Tex. Nov. 2, 2024) (Dkt#41 at 3 n.2). Thus, the relevant people and sources of proof are in Dallas, not in Midland/Odessa. *Id.* ¶¶3, 5–7, 10.

Accordingly, the Northern District of Texas is the most convenient location for accessing relevant sources of proof, making this factor weigh strongly in favor of transfer.

### 2.      The Availability of Compulsory Process for Witnesses Favors Transfer.

The ability to compel the attendance of non-party witnesses is another factor in the transfer analysis. *In re HP Inc.*, 826 F. App'x 899, 902 (Fed. Cir. 2020). The Northern District of Texas will have subpoena power over independent contractors, former employees, and technology vendors who currently work or previously worked with Southwest's IT and business operations in Dallas. Further, third-party vendor relationships are managed and supported in Dallas, not Midland/Odessa, which would likely provide access to potential third-party witnesses in Dallas that would not be available in Midland/Odessa. *Id.* ¶¶2, 7, 10. Because the Dallas Division provides superior access to third-party witnesses, this factor strongly favors transfer.

### 3.      The Cost of Attendance for Willing Witnesses Strongly Favors Transfer.

The convenience of witnesses is the most important factor in the transfer analysis. *In re Apple Inc.*, No. 2020-127, 2020 WL 3249953, at *2 (Fed. Cir. June 16, 2020); *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009); *Auto-Dril, Inc. v. Nat'l Oilwell Varco, L.P.*, No. 6:15-cv-00091, 2016 WL 6909479, at *7 (W.D. Tex. Jan. 28, 2016); *Lionra Tech. Ltd. v. Apple Inc.*, No. 22-cv-351, Dkt. 73, at 8 (W.D. Tex. May 9, 2023). "[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue

chosen by the plaintiff, the trial court should grant a motion to transfer." *In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009). In the Fifth Circuit, if the distance between a current venue and a proposed venue is more than 100 miles, the inconvenience to witnesses increases in direct relationship to the additional distance they must travel if the matter is transferred. *Volkswagen II*, 545 F.3d at 317.

Based on a diligent inquiry and available information, Southwest has identified 8 specific software engineers, system architects, IT administrators, and executives based in Dallas who are potential or likely witnesses for this case. Woodley Decl. ¶3. By contrast, Southwest has identified no likely witnesses in Midland/Odessa or elsewhere in the Western District of Texas. *Id.* ¶¶7, 10. Requiring these witnesses to travel over 300 miles for hearings and trial would impose significant time, cost, and logistical burdens on them that would be substantially reduced if the case were transferred to Dallas. *Id.* ¶9. On the other hand, IV has identified no witnesses in Midland/Odessa who would be inconvenienced by transfer, reinforcing that this factor strongly supports transfer.

If this case remains in the Western District, Southwest's witnesses will be required to spend multiple days away from work and home, whereas a trial in the Northern District of Texas would require significantly less travel and disruption. Such travel burden strongly supports transfer. *See Volkswagen II*, 545 F.3d at 317 ("Witnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family and community."). Accordingly, it would be clearly more convenient for these Dallas-based witnesses to attend trial in the Northern District of Texas. *Id.* (recognizing the "obvious conclusion" that "it is more convenient for witnesses to testify at home"). Because all known relevant witnesses are in Dallas and none are in Midland/Odessa, this factor weighs strongly in favor of transfer.

4.      **Other Practical Considerations Are Neutral.**

The final private interest factor is neutral here. Though the Related Action is pending in the Western District of Texas, Southwest has also moved to transfer the Related Action to the Northern District of Texas. *See Intellectual Ventures I LLC v. Southwest Airlines Co.*, 7:24-cv-00277-ADA (W.D. Tex. Nov. 2, 2024) (Dkt#21). Further, the Northern District of Texas has substantial experience handling patent litigation, making it equally capable of efficiently managing this case. Accordingly, this factor is neutral.

**C.     The Public Interest Factors Favor Transfer.**

5.      **Court Congestion Is Neutral.**

The court congestion factor concerns "whether there is an appreciable difference in docket congestion between the two forums." *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020). The Federal Circuit has concluded that this factor should not weigh against transfer when plaintiff "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023). Here, Intellectual Ventures does not appear to be currently engaged in product competition in the marketplace and cannot be threatened in the market in a way that might add urgency to case resolution. *See id.* Indeed, Intellectual Ventures has not asked for an injunction in its prayer for relief, further demonstrating that there is no urgency in resolving this case. Accordingly, this factor is neutral.

6.      **The Local Interest Factor Strongly Favors Transfer to the Northern District of Texas.**

Courts must evaluate whether there is a local interest in deciding the issues at home. *Volkswagen II*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 14-CV-04387, 2015

WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). As this Court has previously noted, "this factor focuses on the events giving rise to the suit, instead of where a party maintains a footprint." *Gesture Tech. Partners, LLC v. Apple Inc.*, No. 6:21-cv-00121, 2022 WL 3592451, at *6 (W.D. Tex. Aug. 22, 2022). The local interest in having localized interests decided at home strongly favors transfer to the Northern District of Texas.

In 1971, Southwest began its flight operations with flights operating exclusively to/from Dallas Love Field in Dallas. For over a half century, Southwest's headquarters and core business operations have been based in Dallas. As one of the largest and most recognized companies/employers in Dallas, Southwest is an important part of the Dallas community. Dallas is the only permissive venue with a strong local interest in this case. Woodley Decl. ¶2.

Intellectual Ventures has no presence in the Western District of Texas whatsoever, nor does Intellectual Ventures conduct business activities in Texas that relate to Kubernetes. Under these circumstances, the Northern District of Texas has a compelling local interest in adjudicating a dispute implicating Southwest's business and technology operations. Because the Northern District of Texas has a direct interest in this case, this factor weighs heavily in favor of transfer.

### 7-8.    Remaining Factors Are Neutral.

The remaining public interest factors—familiarity with the governing law and avoidance of conflict-of-law issues—are neutral, as there are no perceived conflicts of law and both courts are equally competent to apply federal patent law.

## V.    CONCLUSION

Every private and public interest factor either favors transfer or is neutral—none support keeping this case in Midland/Odessa. The Northern District of Texas, Dallas Division, is clearly the more convenient forum. No meaningful connection exists between this dispute and the Western

District of Texas. Accordingly, Southwest respectfully requests that the Court grant this motion

and transfer this case to the Northern District of Texas, Dallas Division.

Date: August 11, 2025                            Respectfully submitted,

                                                 */s/ S. Wallace Dunwoody*
                                                 Michael C. Wilson
                                                 Texas Bar No. 21704590
                                                 mwilson@munckwilson.com
                                                 S. Wallace Dunwoody
                                                 Texas Bar No. 24040838
                                                 wdunwoody@munckwilson.com
                                                 **MUNCK WILSON MANDALA, LLP**
                                                 2000 McKinney Avenue, Suite 1900
                                                 Dallas, Texas 75201
                                                 (972) 628-3600
                                                 (972) 628-3616 fax

                                                 David G. Henry
                                                 Texas Bar. No. 09479355
                                                 dhenry@munckwilson.com
                                                 **MUNCK WILSON MANDALA, LLP**
                                                 510 Austin Avenue, Suite 3100
                                                 Waco, Texas 76701
                                                 (254) 362-2300

                                                 Tri T. Truong
                                                 Texas Bar No. 24102969
                                                 ttruong@munckwilson.com
                                                 **MUNCK WILSON MANDALA, LLP**
                                                 807 Las Cimas Parkway, Suite 300
                                                 Austin, Texas 78756
                                                 737-201-1600

                                                 *Attorneys for Southwest Airlines Co.*

## **CERTIFICATE OF CONFERENCE**

I, the undersigned counsel, hereby certify that I conferred with Jon Waldrop, Will Ellerman, and other counsel for Plaintiffs on August 11, 2025, regarding the relief requested herein. Plaintiffs are opposed to the relief requested by this motion.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was filed and served to all counsel of record using the Court's CMECF system on August 11, 2025.

*/s/ S. Wallace Dunwoody*
S. Wallace Dunwoody